IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDUARDO LUCERO,

       Plaintiff,

v.   No. CIV 07-781 BB/DJS

HERMAN GRACE and CHARLET GRACE, individually and d/b/a Motor Mart, DAVID RIVERA, and SAFECO INSURANCE COMPANY OF AMERICA,

       Defendants.

MEMORANDUM OPINION
AND
ORDER GRANTING PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on *Plaintiff's Motion for Partial Summary Judgment* [doc. 22], and Defendants having failed to respond, the Court accepts Plaintiff's facts and finds the *Motion* is supported by law.

*Facts*

Since Defendants failed to respond to Plaintiff's motion, Defendants are legally deemed to have consented to the motion. D.N.M.LR-Civ. 7.1(b). Moreover, Plaintiff has tendered Defendants allegations in their Answer, exhibits, and deposition testimony sufficient to establish a prima facie case sufficient to sustain his claims that Motor Mart knowingly failed to accurately disclose the actual mileage and was in violation of the Motor Vehicle Information and Cost Savings Act ("MVICSA"), 49 U.S.C. § 32701 *et seq.*, and the New Mexico Unfair

Practices Act ("NMUPA"), NMSA 1978 § 57-12-6(c).  Plaintiff also provides adequate factual and legal foundation to support their Truth in Lending Act ("TILA") claim.

## *Discussion*

The summary judgment standard requires the nonmoving party to come forward with evidence sufficient for a fairminded jury to return a verdict in his favor.  *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641 (10th Cir. 2008).  Here, Defendants fail to raise even an inference of the existence of any fact as to each essential element of the case.  *Foster v. Alliedsignal, Inc.*, 293 F.3d 1187 (10th Cir. 2002); *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240 (10th Cir. 2001).  Plaintiff's brief provides a detailed recitation of facts supporting each of the requisite elements for Plaintiff's MVICSA, TILA, and NMUPA claims.  The Court is not required to search the factual record, most of which is unavailable in the record, to find facts sufficient to rebut the evidence advanced by Plaintiff.  *Coleman v. Blue Cross Blue Shield of Kansas*, 2008 WL 2662595 (10th Cir.) (quoting *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004).  The partial summary judgment requested by Plaintiff is thus uncontested on the facts and supported by law, and should be Granted.  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

## **O R D E R**

For the above stated reasons, *Plaintiff's Motion for Partial Summary Judgment* is **GRANTED on Plaintiff's request for relief under the federal Motor Vehicle Information and**

**Cost Savings Act and the Truth in Lending Act as well as the New Mexico Unfair Practices Act.**

**SO ORDERED this 14th day of August, 2008.**

*/s/ Bruce D. Black*
_____
**BRUCE D. BLACK**
**United States District Judge**